IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUNDANCE, LLC, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION 14-0115-WS-C |
| SE PROPERTY HOLDINGS, LLC, | ) ) ) |
| Defendant. | ) |

**ORDER**

Plaintiff Tammy Carter, as administratrix of the estate of Charles H. Trammel ("Carter"), has filed a motion to re-open discovery. (Doc. 67).[1] The defendant has filed a brief in opposition, (Doc. 69), and the motion is ripe for resolution.

The plaintiffs, including Carter, initiated litigation against the defendant in state court. The defendant removed the action and, in March 2014, filed a counterclaim for breach of contract, seeking recovery thereunder of certain attorney's fees. (Doc. 3 at 17-18; Doc. 10 at 12). In May 2014, the Magistrate Judge entered a Rule 16(b) scheduling order that established certain deadlines. (Doc. 21). These include a discovery completion date of January 23, 2015 and a dispositive motions deadline of February 13, 2015. (*Id*. at 1, 3-4). Carter conducted no discovery concerning the defendant's counterclaim, either before or after the Court granted the defendant's motion for summary judgment as to the plaintiffs' claims in December 2014. (Doc. 51).

---

[1] In the original and amended complaint, the administratrix's name is given as "Tammy Carter." (Doc. 1-1 at 3; Doc. 27 at 1-2). In her motion, she identifies herself as "Tammy Center." (Doc. 67 at 1). Because the pleadings cannot be amended by motion, the Court refers to the movant as "Carter."

On February 3, 2015, the defendant moved for summary judgment on its counterclaim. (Doc. 61). Carter says she was "surprise[d]" by the magnitude of the fees claimed,[2] because she believed (and still believes) that the agreements on which the defendant relies for a contractual obligation to pay its attorney's fees either do not extend such an obligation to the present situation or, at least, limit such fees to a "not substantial" amount. (Doc. 67 at 3-5, 7). Galvanized by the revelation that the defendant is seeking a substantial recovery, Carter filed the instant motion.

The Rule 16(b) scheduling order warns the litigants that requests for extensions of the discovery period "will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery." (Doc. 21 at 1 (emphasis omitted)). Carter accepts it as her burden to make such a showing. (Doc. 67 at 6).

No extraordinary circumstances are presented here. The existence of the counterclaim has been known to Carter since March 2014, and she has known since May 2014 that she was required to complete her discovery regarding the counterclaim by January 23, 2015. All Carter has shown is that she has been recently disabused of her untested assumption that the counterclaim does not involve enough money to justify conducting discovery. The very purpose of discovery, however, is to allow the parties to find the facts and make decisions based on them rather than supposition.[3]

The discovery deadline is contained in a Rule 16(b) scheduling order. Such an order "must limit the time to … complete discovery," and such "[a] schedule

---

[2] Apparently, in excess of $70,000. (Doc. 67 at 7). Carter learned the amount claimed on January 29, 2015, when her lawyer received a response to his informal request for such information. (*Id*.).

[3] A single interrogatory, with its obligation of seasonable supplementation, would have sufficed to reveal that the defendant was incurring attorney's fees subject to its counterclaim at an alarming rate.

may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(A), (4). "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee notes). "The lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes. That lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).[4] Carter failed to seek the information she needed to determine whether to pursue additional discovery concerning the defendant's counterclaim, and her lack of diligence precludes her from demonstrating good cause to re-open discovery.[5]

For the reasons set forth above, Carter's motion to re-open discovery is **denied**.

DONE and ORDERED this 19th day of February, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Because both are covered by Rule 16(b), the same principles that govern motions to amend the pleadings govern motions to extend or re-open discovery. *E.g., Rowell v. Metropolitan Life Insurance Co.*, 579 Fed. Appx. 805, 806-07 (11th Cir. 2014).

[5] Carter suggests that the defendant would not be prejudiced by a re-opening of discovery. (Doc. 67 at 6). "Although this may be the case, it is not relevant to her failure to show good cause." *Jackson v. United Parcel Service, Inc.*, ___ Fed. Appx. ___, 2014 WL 6476948 at *3 (11th Cir. 2014).