## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SUNDANCE, LLC, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 14-0115-WS-C** |
| | ) | |
| SE PROPERTY HOLDINGS, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment as to its counterclaim. (Doc. 61). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 62, 63, 71-73), and the motion is ripe for resolution.[1] After careful consideration, the Court concludes the motion is due to be denied.

## BACKGROUND

The defendant's predecessor ("Vision") loaned plaintiff Sundance, LLC ("Sundance") the principal sum of $3 million, secured by a mortgage on certain townhomes in which Sundance had an interest. The three individual plaintiffs[2]

---

[1] Three plaintiffs jointly filed a 25-page brief in opposition. The fourth plaintiff filed a separate 25-page brief that appears to be a verbatim repeat. The point of this exercise is obscure, since the same effect could have been obtained with a one-sentence brief by either plaintiff that simply adopted the other brief. To the uncertain extent either brief may have some non-identical verbiage hidden somewhere within, the plaintiffs' failure to point out such variation means they bear responsibility for it not being considered by the Court. *See, e.g., Smith v. Secretary, Department of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs.") (internal quotes omitted).

[2] There is a fourth, but he has filed for bankruptcy, and the defendant's motion does not extend to him. (Doc. 61 at 1 n.1).

executed guaranties of the indebtedness.  Litigation in this Court over the indebtedness resulted in a settlement, pursuant to the terms of which the plaintiffs agreed not to resist foreclosure against the collateral and further agreed to pay approximately $856,000 over time.  The parties' settlement is evidenced by an agreement ("the Settlement Agreement") and a note ("the Settlement Note").

Seven of the townhome units serving as collateral had been constructed using Chinese drywall, and Sundance was a party to a class action lawsuit over Chinese drywall.  Under the Settlement Agreement, Sundance assigned the "proceeds" of these claims to Vision, which proceeds would be applied as a credit against the balance owing under the Settlement Agreement.

Sundance executed a deed in lieu of foreclosure in favor of the defendant. The defendant thereafter sold to third parties the seven units containing Chinese drywall.  The class action then settled, on terms that provided for remediation of affected properties but no cash payments.

The plaintiffs filed this action, asserting that the defendant breached the Settlement Agreement and Settlement Note by selling the seven units (at substantially reduced prices) without first obtaining remediation pursuant to the Chinese drywall litigation.  The defendant moved for summary judgment on the grounds that remediation did not constitute "proceeds" under the Settlement Agreement.  (Doc. 36).  The Court agreed, ruling that "proceeds" are limited to money and thus granting summary judgment to the defendant on the plaintiffs' single claim.  (Docs. 51, 52).

Meanwhile, the defendant filed a counterclaim against the plaintiffs for breach of contract.  (Doc. 10).  The counterclaim alleges that the plaintiffs are in breach of both the Settlement Agreement and the Settlement Note.  The counterclaim asserts that both documents "contain attorney's fee provisions," and it demands "the attorney's fees it will accrue in enforcing the Settlement Note and/or collecting or attempting to collect on the Settlement Note."  (*Id*. at 12).  In its briefing, the defendant clarifies that the fees it seeks to recover are those it

incurred "[a]s a result of Plaintiff's position and filing" in this lawsuit. (Doc. 62 at 6).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ...,
the responsibility then devolves upon the non-movant to show the existence of a
genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116.  "If the nonmoving
party fails to make 'a sufficient showing on an essential element of her case with
respect to which she has the burden of proof,' the moving party is entitled to
summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a
party fails to properly support an assertion of fact or fails to properly address
another party's assertion of fact as required by Rule 56(c), the court may …
consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all
reasonable inferences, must be viewed in the light most favorable to the
nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243
(11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence
supporting a party's position.[3]  Accordingly, the Court limits its review to the
exhibits, and to the specific portions of the exhibits, to which the parties have
expressly cited.  Likewise, "[t]here is no burden upon the district court to distill
every potential argument that could be made based upon the materials before it on
summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599
(11th Cir. 1995), and the Court accordingly limits its review to those arguments the
parties have expressly advanced.

The parties agree that the threshold question is whether the attorney's fee
provision under the Settlement Agreement and/or the Settlement Note extends to
the attorney's fees the defendant incurred in this action.  Both documents are

---

[3] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it
may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc*., 144
F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the
referenced portions of these [summary judgment] materials, but is not required to do
so.").

governed by Alabama law.  (Doc. 44-3 at 3; Doc. 1-1 at 47).  The Court in its order granting the defendant's previous motion for summary judgment outlined some of the pertinent rules:

> The "threshold issue" is "whether the contract is ambiguous." *Certain Underwriters at Lloyd's, London v. Southern Natural Gas Co.*, 142 So. 3d 436, 453 (Ala. 2013) (internal quotes omitted). [footnote omitted]  "If the trial court determines that there is no ambiguity, it must determine the force and effect of the terms of the contract as a matter of law."  *Id*. (internal quotes omitted).  If the Court determines that the contract is ambiguous, "it must employ established rules of contract construction to resolve the ambiguity." *Id*. at 454 (internal quotes omitted).  Only "[i]f the application of such rules is not sufficient to resolve the ambiguity [do] factual issues arise."  *Id*. (internal quotes omitted).
>
> "The issue whether a contract is ambiguous or unambiguous is a question of law for a court to decide."  *American Resources Insurance Co. v. H & H Stephens Construction, Inc*., 939 So. 2d 868, 873 (Ala. 2006) (internal quotes omitted).  "A contractual provision is ambiguous if it is reasonably susceptible of more than one meaning." *Doster Construction Co. v. Marathon Electrical Contractors, Inc*., 32 So. 3d 1277, 1283 (Ala. 2009) (internal quotes omitted).  Conversely, "terms are unambiguous [when they are] susceptible of only one reasonable meaning."  *Id*. (internal quotes omitted).

(Doc. 51 at 4-5).

The Settlement Agreement says the following about attorney's fees:

> 3.   Attorney's Fees.  Sundance and the Guarantors agree that Vision may add to the amount due and owing under the Note accrued and earned attorney's fees incurred in the [prior] District Court Case and the Bankruptcy Case in the approximate amount of $150,000.00.   The parties agree that additional attorney's fees will accrue in completing this settlement, conducting the judicial foreclosure in Florida, and concluding the [prior] District Court Case and the Bankruptcy Case.  The parties agree that these additional fees will added [sic] to the Settlement Note described in Section 5 and will be reasonable and not substantial.

(Doc. 44-3 at 2).

Although the counterclaim invokes this provision, and although the defendant quotes the provision in its principal brief, (Doc. 62 at 4), it makes no

effort to demonstrate that the provision has any applicability to the present situation. The Court agrees with the plaintiffs that the provision unambiguously permits payment of only those attorney's fees specified therein, all of which were incurred prior to the initiation of this litigation. As a matter of law, the defendant cannot recover the attorney's fees it seeks in this action pursuant to this provision.

The Settlement Note addresses attorney's fees in this fashion:

> 5. **Attorney Fees**. Borrower and each endorser or guarantor of this Note agree to pay reasonable attorneys' fees and costs incurred by the Holder hereof in collecting or attempting to collect this Note, whether by suit or otherwise.

(Doc. 1-1 at 47). The critical issue, as the parties recognize, is whether the fees incurred in defending this lawsuit were incurred "in collecting or attempting to collect this Note."

Despite the centrality of the issue, the defendant offers no analysis of it. Instead, it simply asserts that it was forced to incur attorney's fees "in requiring the Counter-Defendants to abide by the terms of the Settlement Agreement and in enforcing SEPH's right to payment under the Settlement Note." (Doc. 62 at 7). But the question is whether such conduct constitutes "collecting or attempting to collect this Note" within the contemplation of the attorney's fee provision. The defendant engages in no analysis of the phrase, proposes no construction of it, identifies no dictionary or other definitions of the words used, cites no cases interpreting the phrase or applying it to a situation like the present one, and makes no other effort to carry its burden of showing that the phrase must be construed in its favor.

After the plaintiffs pointed out the inadequacy of the defendant's treatment, the defendant in its reply argued that, had the plaintiffs' suit been successful, it would have resulted in the extinguishment of their obligations under the Settlement Note (due to the credit they would receive from the remediation "proceeds"). (Doc. 73 at 3). Being first raised in a reply brief, the argument

comes too late to be considered.[4]  But even had it been timely raised, it would not rescue the defendant, because it fails to demonstrate that "collecting or attempting to collect this Note" reaches not only offensive acts (such as filing suit to force payment) but also defensive acts (such as resisting legal challenges to the obligation to pay).

In short, the defendant has failed to show either that the key phrase, "collecting or attempting to collect this Note," unambiguously applies to defending this lawsuit or that, under Alabama rules of contract interpretation (which it ignores), any ambiguity should be resolved in its favor.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **denied**.

DONE and ORDERED this 8th day of May, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] "District courts, including this one, ordinarily do not consider arguments raised for the first time on reply."  *Gross-Jones v. Mercy Medical*, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining rationale).  The defendant offers, and the Court detects, no reason not to apply the general rule.