IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUNDANCE, LLC, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|   v. | ) CIVIL ACTION 14-0115-WS-C |
| | ) |
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
|    Defendant. | ) |

**ORDER**

This matter is before the Court on the motion of one plaintiff ("Trammell")[1] for leave to file a motion for summary judgment. (Doc. 80). The proposed motion would address the sole remaining claim, *i.e.*, the defendant's counterclaim for attorney's fees.

As Trammell has known since May 2014, the deadline for filing such motions is February 13, 2015. (Doc. 21 at 3-4). Trammell filed no dispositive motion by the established deadline. Even after the defendant filed a motion for summary judgment on its counterclaim on February 3, 2015, (Doc. 61), Trammell did not respond with his own such motion. Instead, on February 10, 2015, he filed a motion to re-open discovery, (Doc. 67), because he had neglected to engage in discovery on this claim during the ample discovery period that expired January 23, 2015. The Court denied that motion because Trammell "failed to seek the information [he] needed to determine whether to pursue additional discovery concerning the defendant's counterclaim, and [his] lack of diligence precludes [him] from demonstrating good cause to re-open discovery." (Doc. 70 at 3).

---

[1] The plaintiff is actually Tammy Carter as Administratrix of the Estate of Charles H. Trammell, deceased. (Doc. 70 at 1 n.1). The plaintiff requests to be identified as "Trammell." (Doc. 80 at 1).

"We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). The Eleventh Circuit has repeatedly employed this rule to uphold trial courts' enforcement of deadlines. *E.g., School Board of Collier County v. K.C.*, 285 F.3d 977, 981-82 (11th Cir. 2002) (untimely expert testimony); *Enwonwu v. Fulton-DeKalb Hospital Authority*, 286 Fed. Appx. 586, 595 (11th Cir. 2008) (untimely motion for summary judgment); *Edman v. Marano*, 177 Fed. Appx. 884, 886 (11th Cir. 2006) (untimely request for mental examination); *cf. Chapman v. AI Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000) (en banc) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards.").

The underlying principles are clear. "[I]n order to ensure the orderly administration of justice, [a trial court] has the authority and responsibility to set and enforce reasonable deadlines." *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) (untimely motion for leave to amend the pleadings). Accordingly, "[d]eadlines are not meant to be aspirational," and a litigant does not "ha[ve] carte blanche permission to perform when he desires." *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004) (untimely response to motion for summary judgment).

The deadline for filing dispositive motions was established by the scheduling order entered pursuant to Rule 16(b). Such an order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Trammell suggests that the necessary good cause exists because there are no factual disputes and a trial would be a waste of everyone's time. (Doc. 80 at 2-3). It is to be hoped that all dispositive motions are filed with such a mindset, because a motion for summary judgment pursued in the face of known material factual disputes is doomed from the outset. But such circumstances, if they exist, do not constitute good cause for revising a Rule 16(b) scheduling order.

As the Court noted in its order denying Trammell's motion to re-open discovery, (Doc. 70 at 3), "[t]his good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee notes). Trammell identifies no impediment to his ability to file a motion for summary judgment in February rather than in June. On the contrary, the evidence on which he bases his motion is an affidavit the defendant submitted in support of its motion for summary judgment over four months ago. Accordingly, the motion for leave to file a motion for summary judgment is **denied**.

Trammell's motion for summary judgment could not succeed even if it were allowed to be filed. As the Court noted in its order denying the defendant's motion for summary judgment, whether and to what extent the defendant is entitled to recovery depends on the meaning of the phrase, "incurred … in collecting or attempting to collect this Note, whether by suit or otherwise." (Doc. 74 at 6). For the defendant to be successful, this language must "reac[h] not only offensive acts (such as filing suit to force payment) but also defensive acts (such as resisting legal challenges to the obligation to pay)." (*Id*. at 7).

The Court denied the defendant's motion because, "[d]espite the centrality of the issue, the defendant offers no analysis of it." (Doc. 74 at 6). In particular, "[t]he defendant engages in no analysis of the phrase, proposes no construction of it, identifies no dictionary or other definitions of the words used, cites no cases interpreting the phrase or applying it to a situation like the present one, and makes no other effort to carry its burden of showing that the phrase must be construed in its favor." (*Id*.).

Trammell's proposed motion suffers from the same defect. He says only that defense counsel has admitted the sought attorney's fees were expended defending the plaintiffs' claims in this action, "not in collecting or attempting to collect the Settlement Note," (Doc. 80-2 at 9), but he makes no attempt to

demonstrate that the contractual language cannot extend to defending those claims.[2]

It is difficult to escape the conclusion that the parties do not intend to address, through the normal means of proof, the proper construction of the attorney's fee provision, since the defendant did not do so in its motion for summary judgment and since Trammell has not done so in its belated motion. While the defendant has dodged this bullet, at trial it will bear the burden of proving its claim, so a presentation as inadequate as those thus far made will essentially guarantee a verdict for the plaintiffs.

The parties have recently reported surpassing confidence in their respective views of the dispositive issue. (Doc. 77 at 2). The Court's review of their analyses reveals no justification for such confidence by either side, and the Court does not intend to proceed to trial before the parties have seriously addressed settlement. This matter is **referred** to the Magistrate Judge for the scheduling of a settlement conference.

DONE and ORDERED this 8th day of June, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The closest he comes is the one-sentence assertion that the plaintiffs' complaint sought damages but did not "challenge the obligation to pay under the Settlement Note or ask this Court to declare payments were not owed." (Doc. 80-2 at 9-10). But Trammell does not explain why the language of the attorney's fees provision must be read to preclude recovery when the defendant defends a claim that, if successful, would effectively prevent it from recovering on the Note (through elimination of the debt, set-off, or otherwise), whether or not an express challenge to the debt is mounted.